## EARL BECK v. STATE.

No. A-5784. Opinion Filed Jan. 8, 1927.
(252 Pac. 74.)

Margaret McVean, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

BESSEY, P. J. Earl Beck was jointly charged, with Eva Goldberg and Mattie Utt, with maintaining a nuisance, by keeping a public place where intoxicating liquor was stored for sale and distribution, contrary to law.

The transcript of the evidence before us shows that on the state highway leading north from Oklahoma City, "not far beyond the shadow of the dome of the state capitol" (sic), under which this court deliberates, there was a wayside resort, or inn, known as the Mattie Utt Roadhouse, where automobile parties repaired for liquid and other refreshments, and where lunches might be procured with or without cover charges. The beverages there served consisted of carbonated drinks, home brew, and corn whisky.

Aliunde the record, this court has information from others who were there entertained that it was the custom, after the second round of drinks, to start the victrola, and that the female habitués of the place, if requested, would assist in entertaining the guests—conventionally or not, as might be desired. The record here indicates that, if any of the patrons in the course of the entertainment, passed into a state of coma, the management saw that they were tenderly put to bed in

an upper chamber, and there retained until their thirst was thoroughly slaked, or their money exhausted.

On the night in question, this resort was in active charge of Eva Goldberg and Mattie Utt, at a time when a number of young men and women, sons and daughters of well-to-do families of this city, were there assembled, when the officers raided the place and found the accused in bed in an upper chamber, clad in abbreviated night apparel, in a semiconscious condition. When the accused sought to make his escape, he was arrested and later charged jointly with these young ladies (?) with maintaining a liquor nuisance.

In the trial court he was found guilty as charged, with his punishment fixed at confinement in jail for a period of six months and to pay a fine of $500. The evidence as against the defendant was insufficient to support a charge of keeping and maintaining a nuisance. There was no evidence that the accused owned or operated the place, or had any pecuniary or other interest there. The evidence merely shows that he was first a guest and later a patient. The officers had a right to abate the nuisance and arrest those who were there in actual charge of it, but the mere fact that this misguided young man was found loitering there did not make him an accessory with those who were actually conducting the resort.

The conviction is set aside, with instructions to dismiss the action.

DOYLE, J., and EDWARDS, J., concur.